Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Alicyn B. Whitley, Esq. (S.B. #325927)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: sec@colevannote.com
Email: lvn@colevannote.com
Email: abw@colevannote.com

Attorneys for Plaintiff
and the Plaintiff Class(es)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS ALLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LUME DEODORANT, LLC and HARRY'S, INC.<br><br>Defendants. | **Case No.**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF FOR:**<br><br>**1. BREACH OF EXPRESS WARRANTY;**<br>**2. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY;**<br>**3. VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2301);**<br>**4. STRICT LIABILITY/MANUFACTURING AND DESIGN DEFECT AND FAILURE TO WARN;**<br>**5. NEGLIGENCE;**<br>**6. NEGLIGENT FAILURE TO WARN;**<br>**7. VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT (CAL. CIV. CODE §1792);**<br>**8. VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE §§ 17200;**<br>**9. ATTORNEYS' FEES PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §1021.5**<br><br>**[JURY TRIAL DEMANDED]** |

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Plaintiff alleges as follows:

**INTRODUCTION**

1. Plaintiff Thomas Allen ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action for damages, injunctive relief and equitable relief against Defendants Harry's, Inc. and Lume Deodorant, LLC (collectively, "LUME" or "Defendants") based on the manufacture, marketing and sale of LUME deodorant products that were defectively designed and/or manufactured and which caused Plaintiff and members of the proposed Classes to suffer personal injury, economic harm, and other damages.

2. Defendants manufacture and distribute a line of deodorants and antiperspirants marketed as safe for daily use, even on sensitive areas of the body. However, Plaintiff and other consumers purchased and used these products and subsequently suffered adverse dermatological reactions due to ingredients known to cause skin irritation, particularly in individuals with sensitive skin. Defendants failed to provide adequate warnings of these risks.

3. Plaintiff brings this action on behalf of a proposed Class of similarly situated individuals across the United States and a California Subclass (collectively, the "Classes," unless otherwise designated), pursuant to Federal Rules of Civil Procedure, Rules 23(b)(1), 23(b)(2) and 23(b)(3), seeking damages, injunctive relief, restitution, disgorgement, and attorneys' fees. Plaintiff seeks to ensure that Defendants are held accountable for their conduct and that consumers, both nationwide and in California, are not similarly harmed by misleading representations about the safety, efficacy, and composition of LUME's products.

4. Defendant formulates, designs, manufactures, tests, labels, markets, advertises, warrants and sells LUME products to consumers across the country. Among its array of products is Mando, the male-oriented product line sold by LUME, advertised on LUME's website, Amazon.com, and other retailers (hereinafter, the "Products"). Defendants distribute and sell the Products through both physical and online retailers.

5. Defendants prominently marketed LUME products as "all natural," using language on packaging, online listings, and advertising to appeal to health-conscious consumers. Despite these representations, the Products contain synthetic ingredients and known irritants that contradict

the "all natural" message. These deceptive representations are not only present in consumer-facing packaging and video advertisements, but also embedded in the metadata of digital advertising campaigns and product listings, reinforcing a false perception of safety and purity.

6. The Products are defective because they contain multiple chemical ingredients that are known skin irritants, especially for sensitive users and offer no therapeutic benefit to offset the associated risks. These ingredients include, but are not limited to, neopentyl glycol diheptanoate, mandelic acid, PPG-15 stearyl ether, ozokerite, fragrance, and ethylhexylglycerin.

7. Defendants represent that the Product is safe for its intended use, including on sensitive areas of the body, yet failed to warn consumers that the inclusion of these ingredients poses a significant risk of irritation and adverse skin reactions.

8. Despite Defendants' representations that the Products are safe for sensitive skin, independent reviews have raised concern about their ingredient transparency. A widely circulated article[1] titled "Lume Deodorant's Toxic and Not So Natural Ingredients" critiques LUME's branding as misleading, pointing out that several synthetic components included in the Products have been associated with irritation or allergic response.

9. Several of these ingredients are known to cause irritation, sensitization, or allergic response in sensitive individuals. For example, ethylhexylglycerin and PPG-15 stearyl ether have been identified as skin irritants in dermatological testing. Others, like ozokerite, have raised toxicological concerns based on long-term animal studies. Despite these risks, Defendants made no attempt to disclose or warn consumers about these potential effects.

10. Scientific literature indicates that mandelic acid, an alpha hydroxy acid (AHA) included in the Product, has been associated with adverse dermatological reactions. For example, a peer-reviewed case study published in *Contact Dermatitis* documented allergic contact cheilitis (inflammation of the lips) following topical use of mandelic acid.[2] While sometimes marketed as

[1] *Lume Deodorant's Toxic and Not So Natural Ingredients*, Small Batch Goodness, https://www.smallbatchgoodness.com/blogs/news/lume-deodorant-toxic-ingredients (last accessed May 27, 2025).

[2] Aguirre A, et al. Allergic contact cheilitis from mandelic acid. *Contact Dermatitis*. 1994;31(2):133–134, https://pubmed.ncbi.nlm.nih.gov/7750270/.



COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

suitable for sensitive skin, mandelic acid has also been shown to cause irritation, peeling, and redness in individuals with compromised skin barriers or when used in higher concentrations.[3]

11. Customer complaints reflect widespread issues with the Products, including reports of rashes, irritation, and painful reactions—particularly among consumers with sensitive skin. Consumers have shared their adverse reactions in public forums such as Reddit's r/Allergies, describing symptoms including burning, peeling, and welts, consistent with the injuries suffered by Plaintiff.[4]

12. Contrary to Defendants' representations, the Products are defectively formulated and unsuitable for their intended purpose. Their continued marketing as "all natural" and "skin-safe" is materially misleading, especially when targeted toward users applying the Products to sensitive body areas.

13. Customer complaints reflect widespread issues with the Products, including reports of rashes, irritation and painful reactions—particularly among consumers with sensitive skin. Defendants have long been aware of these issues yet have taken no corrective action and continue to market the Products as safe.

14. Upon information and belief, customer complaints reveal that Defendant has long been aware of the inherently defective nature of the Products.

15. Upon information and belief, many people that have experienced injury and/or damage traceable to a Product have asked Defendant to remedy the failure and resultant damage, but they have consistently declined such requests.

16. Despite this longstanding knowledge of the specific manufacturing and material defects alleged herein, Defendants refuse to disclose or admit to Plaintiff and the public the inherently defective nature of the Products. Indeed, Defendant has continued to profit from the distribution and sale of the Products while their customers suffer.

---

[3] *Mandelic Acid: Benefits, Uses, Side Effects*, Netmeds, https://www.netmeds.com/health-library/post/mandelic-acid-benefits-uses-side-effects-of-this-wonder-ingredient-in-your-skincare-routine (last accessed May 27, 2025).

[4] "Has anyone had an allergic reaction to Lume deodorant?," Reddit, r/Allergies, https://www.reddit.com/r/Allergies/comments/oe2z8y/has_anyone_had_an_allergic_reaction_to_lume/ (last accessed May 27, 2025).

17. And yet, despite Defendants' website claims such as "the world's first high-performance, aluminum-free, skin-safe Whole-Body Deodorant for men."[5]

18. Despite Defendants' representations regarding the high quality of its Products, they know and have known of the specific manufacturing and material defects alleged herein and know that there is a substantial risk that Products will cause injury and/or other damages due to these defects.

19. As a result of the defects in Products, Plaintiff has suffered damages, including significant personal injury. In addition, Plaintiff has suffered harm in the form of the loss of the benefit of the bargain, in that he paid for a product that was worth less than what was represented by Defendants. Plaintiff would not have purchased its Products had they known of the defect at the time of sale.

20. Had Plaintiff known that the Products would cause injury and/or damage or that the Products were not "all natural" and contained synthetic ingredients, he would not have purchased and/or continued to use them.

21. Thus, Plaintiff brings this action against Defendants for their failure to properly formulate, design, manufacture, test, label, market, advertise, warrant and offer for distribution and sale the Products to Plaintiff and the Classes, failing to ensure that the Products operated in a safe and appropriate manner for their intended purpose.

22. Plaintiff seeks to recover damages for the physical injuries, emotional distress and economic losses Plaintiff and the Classes sustained as a direct result of Defendants' misrepresentations and omissions regarding the safety of the Products. Plaintiff also seeks incidental and consequential damages, including medical expenses, lost time, and other related losses. In addition, Plaintiff seeks injunctive relief requiring Defendants to cease their misleading marketing practices and to implement corrective measures to ensure that consumers are accurately informed of the risks associated with the Products. Plaintiff further seeks attorneys' fees, costs,

[5] https://go.shopmando.com/lpg/listicle-bd?utm_source=chatgpt.com, (last assessed May 27, 2025).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

and equitable relief as permitted by law, including under the Magnuson-Moss Warranty Act and applicable consumer protection statutes.

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and at least one member of the proposed Class(es) is a citizen of a state different from at least one Defendant.

24. This Court also has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

25. Defendants conduct substantial business within the State of California and this District, have sufficient minimum contacts with the State and this District and purposefully availed themselves of the privileges of conducting business in this jurisdiction. Defendants marketed, sold and distributed the Products to consumers in this District and received substantial revenue from such sales.

26. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, omissions, and transactions giving rise to Plaintiff's claims occurred in this District, and Defendants are subject to personal jurisdiction in this District.

## PLAINTIFF

27. Plaintiff Thomas Allen is an adult individual residing in Galt, California. He is a member of the proposed Classes and seeks to represent all others similarly situated who purchased and used LUME deodorant products and suffered similar injuries.

28. On or about December 11, 2024, Plaintiff purchased and applied LUME's Mando Whole Body Deodorant. He purchased the product online, specifically after encountering Defendants' representations, including statements on their website, online advertising and through television commercials, that the product was doctor-developed, safe for use anywhere on the body and suitable for sensitive skin. Plaintiff understood these representations to mean that the product was medically vetted, formulated to be safe, effective for daily use and appropriate for sensitive

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

areas such as the underarms and groin. A true and accurate photograph of the specific product Plaintiff purchased is attached hereto as **Exhibit A**.

29. At the time of purchase, Plaintiff was consciously trying to improve his overall health and wellness. As part of that effort, he was seeking alternatives to conventional personal care products that often contain aluminum or synthetic chemicals. He was drawn to LUME specifically because it was marketed as a natural option, and he reasonably relied on the product's claims that it was gentle, non-toxic and safe for daily use.

30. Prior to using LUME, Plaintiff had no history of skin sensitivity, allergic reactions or adverse responses to deodorants or personal care products. He had otherwise used various traditional deodorants, including aerosol, roll-on, and solid stick formats, without any complications.

31. Had Defendants disclosed the potential risks associated with the Product's ingredients, particularly given the emphasis on its safety and suitability for sensitive areas, Plaintiff would not have purchased or used the Product.

32. After using the product as directed for several weeks, Plaintiff developed painful and visible rashes in both armpits. Concerned about the severity and persistence of the symptoms, Plaintiff contacted his healthcare provider through Kaiser Permanente. On or about March 5, 2025, Plaintiff was evaluated by Randall Scott Winslow, D.O., who diagnosed the condition as a fungal skin infection and prescribed Nystatin-Triamcinolone topical cream to treat the reaction.

33. Had Defendants disclosed the potential risks associated with the Product's ingredients, particularly the risk of irritation, infection or adverse reaction in sensitive areas, Plaintiff would not have purchased or used the Product. As a direct and proximate result of Defendants' conduct, Plaintiff suffered personal injuries requiring medical attention and incurred economic damages, including the cost of the product, prescription medication, and related treatment expenses. True and accurate photographs of Plaintiff's rash and related skin inflammation are attached hereto as **Exhibit B**.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**DEFENDANTS**

34. Defendant Lume Deodorant, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business located at 299 S Main Street, Suite 1300 PMB 95814, Salt Lake City, Utah 84111-2241. Defendant Lume develops, designs, manufactures, markets, sells and warrants its personal care products throughout the United States, including within this District, through authorized sales representatives, national retailers, and online platforms.

35. Defendant Harry's, Inc. is a corporation organized under the laws of Delaware, with its principal place of business located at 75 Varick Street, 9th Floor, New York, New York 10013. Harry's, Inc. is a multinational consumer goods company that produces and distributes a wide range of personal care and hygiene products, including deodorants and antiperspirants.

36. In or around December 2021, Defendant Harry's, Inc. acquired Defendant Lume Deodorant, LLC as part of its expansion into the personal care market. Since the acquisition, Harry's, Inc. has maintained direct involvement in the marketing, distribution and strategic development of LUME Products.

37. Defendants conduct substantial and continuous business within the State of California and throughout the United States, including through the sale and distribution of their products via major national retailers such as Target and through online platforms such as Amazon.com. Defendants have derived substantial revenue from sales of the Products in this District.

38. Defendant Harry's, Inc. owns and operates multiple personal care brands, including LUME, with products available in numerous countries worldwide and marketed to a broad consumer base across the United States.

39. Defendants' products, including the LUME product line, are manufactured, marketed, distributed and sold nationwide, including to residents of this Judicial District. Defendants' conduct has affected consumers in California and across the United States, giving rise to the claims asserted herein on behalf of Plaintiff and the proposed Classes.

## FRAUDULENT CONCEALMENT/TOLLING

40. At all relevant times, Defendants affirmatively concealed from Plaintiff and members of the proposed Classes the manufacturing and design defects in the Products.

41. Defendants had a duty to disclose material facts regarding the risks associated with the Products, including known risks of skin irritation and allergic reactions. Defendants were aware of widespread consumer complaints and scientific literature indicating these defects and continued to withhold this information from the public.

42. Notwithstanding their duty to disclose, Defendants failed to inform Plaintiff and Class Members of the risks associated with the Product's ingredients. Instead, Defendants continued to advertise the Products as "skin-safe," "gentle," and suitable for use on sensitive areas of the body. Defendants also marketed the Products as "all natural," both explicitly and implicitly, including through digital metadata, product tags, and visual advertising. These representations created a false perception that the Products were free from synthetic irritants, when in fact they contained ingredients known to cause adverse dermatological reactions, particularly in individuals with sensitive skin.

43. Plaintiff and Class Members could not have reasonably discovered the defects or Defendants' efforts to conceal them. As a result, the running of any applicable statutes of limitation has been tolled by Defendants' fraudulent concealment and by operation of the discovery rule.

44. In addition, Defendants are estopped from asserting any statute of limitations defense as to any claims arising from their conduct, because they actively concealed material facts essential to those claims. Had Plaintiff and Class Members known of the true nature of the Products, they would have taken legal action earlier.

45. Defendants' wrongful conduct in concealing the defects and misrepresenting the safety of the Products justifies the application of equitable tolling and equitable estoppel on a class-wide basis.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## CLASS ALLEGATIONS

46. Representative Plaintiff brings this action pursuant to the provisions of Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of Representative Plaintiff and the following Nationwide Class and the California Subclass (collectively, the "Classes"):

> **Nationwide Class:**
> All persons in the United States who purchased LUME deodorant products, including but not limited to the "Mando" line, during the relevant statutory time frame.
>
> **California Subclass:**
> All persons in the State of California who purchased LUME deodorant products, including but not limited to the "Mando" line, during the relevant statutory time frame.

47. Excluded from the Nationwide Class and the California Subclass are the following individuals and/or entities: Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendants have a controlling interest, all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out, any and all federal, state or local governments, including but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions, and all judges assigned to hear any aspect of this litigation, as well as its immediate family members.

48. In the alternative, Representative Plaintiff requests additional subclasses, as necessary. Representative Plaintiff further reserves the right to amend the above class definitions and/or to propose subclasses in subsequent pleadings and/or motions for class certification.

49. This action has been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure, Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed Classes is easily ascertainable.

a. Numerosity: The proposed Classes are so numerous that individual joinder of all members is impracticable. While the exact number of Class Members is unknown at this time, it is believed to be in the thousands. The members of the Classes can be readily identified through records maintained by Defendants.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

b. Commonality and Predominance: Common questions of law and fact exist as to all members of the Classes and predominate over any questions solely affecting individual members of the Classes. These common legal and factual questions include, but are not limited to:

1) Whether Defendants' Products are defective;

2) Whether the Products suffer from common manufacturing and design defects, as alleged herein;

3) Whether the manufacturing and design defects concerning the Products result in adverse dermatological reactions and failure to perform as advertised;

4) Whether Defendants knew or should have known of the defects in the Products prior to putting them into the stream of commerce;

5) Whether Defendants adequately advised consumers about the likelihood of dermatological injury or irritation from use of the Products;

6) Whether Defendants owed a duty to Representative Plaintiff and Class Members to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, labeling, and marketing of the Products;

7) Whether Defendants breached their duty to Representative Plaintiff and Class Members by designing, manufacturing, advertising and selling defective Products;

8) Whether Defendants breached their duty to Representative Plaintiff and Class Members by failing to recall the defective Products or otherwise take remedial action;

9) Whether the Products fail to perform in accordance with the reasonable expectations of ordinary consumers;

10) Whether the Products fail to perform as advertised, marketed, and warranted;

11) Whether Defendants breached express warranties to Representative Plaintiff and Class Members by advertising, marketing, and selling defective Products;

12) Whether Defendants breached implied warranties to Representative Plaintiff and Class Members by advertising, marketing, and selling Products that were not of merchantable quality nor fit for their intended purpose;

13) Whether Representative Plaintiff and Class Members are entitled to compensatory damages, and the appropriate amount of such damages for medical costs, lost money, and emotional harm;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

14) Whether Defendants' representations regarding the safety and "skin-safe" nature of the Products, and their omissions and concealment of contrary facts, constitute violations of consumer protection laws;

15) Whether Defendants have been unjustly enriched by their conduct, as alleged herein;

16) Whether Defendants should be required to notify all Class Members about the defective nature of the Products and cease their deceptive marketing practices.

c. Typicality: Representative Plaintiff's claims are typical of the claims of the proposed Classes because Representative Plaintiff purchased the Products in question based on the same or similar representations as other Class Members and sustained similar types of injuries.

d. Adequacy: Representative Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Representative Plaintiff has retained counsel who are competent and experienced in consumer protection and class action litigation. Representative Plaintiff has no interests that are antagonistic to those of the Classes and is committed to the vigorous prosecution of this action.

e. Superiority: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford to pursue individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of hundreds or thousands of cases would proceed. Individual litigation presents a potential for inconsistent or contradictory judgments, the prospect of a race to judgment, and an inequitable allocation of recovery among those with equally meritorious claims. Class action treatment presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

f. Predominance: Questions of law and fact common to the Class Members predominate over questions affecting only individual Class Members, as the focus of the litigation will be on Defendants' conduct and the uniform applicability of its marketing and labeling practices across consumers nationwide.

50. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(1) exist as prosecuting separate actions would create a risk of:

a. Inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants; or

b. Adjudications with respect to individual Class Members that would, as a practical matter, be dispositive of the interests of other Class Members not

parties to the adjudications or would substantially impair or impede their ability to protect their interests.

51. The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) exist as Defendants have acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class(es) as a whole.

## FACTUAL ALLEGATIONS

52. Defendants formulated, designed, manufactured, tested, labeled, marketed, advertised, warranted, and offered for distribution and sale the Products throughout the United States. The Products were touted as safe, of merchantable quality, and fit for their intended and reasonably foreseeable uses—despite hidden defects that affected all purchasers similarly.

**Defendants' Product Representations**

53. On their website and in marketing materials, Defendants represent that the LUME Products are "clinically proven to control odor for 72 hours," are "safe for external use on any part of the body," and are "pH optimized for skin." Defendants further advertise the Products as "skin-safe" and "formulated for sensitive skin," specifically encouraging application to traditionally sensitive areas of the body.

54. At the time of Plaintiff's purchase, Defendants described the Product as "all natural" in both written marketing and visual media, reinforcing this message across Amazon listings and company website materials. The representation that the product was "safe for sensitive areas" was bolstered by this natural positioning. However, the Products contain synthetic and potentially irritating ingredients, rendering the "all natural" claim materially false.

55. These representations are specific and factual—not mere puffery—and explicitly claim that the Products are "all natural," "skin-safe" and appropriate for sensitive areas, thereby forming a reasonable basis for consumer reliance by members of the Classes.

56. Even after widespread consumer complaints about irritation and adverse reactions, Defendants continued to describe LUME as a natural and safe alternative to conventional

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

deodorants. Metadata embedded in product webpages and search listings continued to classify and advertise the Product under "natural deodorant" tags and descriptors.

**Defendants Knew that their Products Could Cause Skin Irritation**

57. Deodorants are applied to the body to mask or eliminate odor caused by perspiration. Defendants' Products, including the Mando Whole Body Deodorant, are marketed for use across the entire body, including sensitive areas.

58. The U.S. Food and Drug Administration ("FDA") classifies and regulates deodorants like LUME's Product as cosmetics under the Federal Food, Drug, and Cosmetic Act ("FDCA").

59. Ingredients included in the Products have been associated with dermatological reactions, especially in individuals with sensitive skin. Defendants knew or should have known of these risks based on available scientific literature, internal testing, adverse event reports and numerous consumer complaints received across the United States.

60. Despite this knowledge, Defendants failed to disclose the material risks associated with these ingredients on the Products' packaging, labeling, or marketing materials—risks which impacted all members of the proposed Classes.

**Specific Ingredients of Concern Defendants Knew Were Defective**

61. Representative Plaintiff and Class Members experienced skin irritation and adverse dermatological reactions shortly after applying LUME Products, including the Mando Whole Body Deodorant, Smooth Solid Mt. Fuji formulation. These reactions were foreseeable consequences of the following ingredients used across the Products:

(a) **Neopentyl Glycol Diheptanoate**: A synthetic diester used to enhance product texture and glide. Structurally similar compounds, such as neopentyl glycol di-iso-octanoate, have been linked to allergic contact dermatitis in peer-reviewed dermatological literature.[6] This raises concern about sensitization potential, particularly in products intended for daily use on sensitive skin.

---

[6] Nishioka K, et al. *Contact allergy to neopentyl glycol di-iso-octanoate*. Contact Dermatitis. 1995 Sep;33(3):208–209, https://pubmed.ncbi.nlm.nih.gov/8565475/.



COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

(b) **PPG-15 Stearyl Ether**: A petroleum-derived emollient that can cause mild skin and eye irritation and may introduce toxic impurities during manufacturing. A peer-reviewed toxicology report found that PPG-15 Stearyl Ether may cause mild skin and eye irritation and noted that petroleum-based ingredients of this kind must be carefully refined to avoid harmful byproducts.[7]

(c) **Ozokerite**: A petroleum-derived mineral wax used for product consistency. Long-term exposure has been associated with inflammatory reactions in some studies. A 2013 study using F344 rats showed that ozokerite, a mineral wax used in the Product, may trigger chronic inflammatory skin responses upon long-term exposure.[8]

(d) **Ethylhexylglycerin**: A preservative and deodorizing agent. Patch testing has shown that it can cause skin irritation, particularly in sensitive individuals, and concerns exist regarding potential contamination with harmful byproducts like 1,4-dioxane. The *Dermatology Review* identifies ethylhexylglycerin—used as a preservative in the Product—as a known irritant and potential allergen, particularly for consumers with sensitive skin or in formulations with multiple synthetics.[9]

(e) **Fragrance Components**: Fragrance compounds are well-documented sources of allergic contact dermatitis and skin sensitization. A clinical review published in *Contact Dermatitis* emphasized that fragrance allergies are among the most common causes of cosmetic-induced dermatitis, especially in individuals with sensitive skin.[10] Another article compiled evidence on over 160 individual fragrance ingredients reported to cause contact allergy.[11]

[7] Andersen, F.A. (Ed.). *Final report on the safety assessment of PPG-11 and PPG-15 stearyl ethers*, 20 Int. J. Toxicol. (Suppl. 4), 53–59 (2001), https://pubmed.ncbi.nlm.nih.gov/11800052/.

[8] Kuroda, K., et al., *The effects of long-term exposure to ozokerite mainly consisting of an aliphatic series of hydrocarbons using F344 rats*, 55 Food Chem. Toxicol. 1–9 (2013), https://pubmed.ncbi.nlm.nih.gov/23380203/.

[9] *Four Good Reasons Your Skincare Products Contain Ethylhexylglycerin*, The Dermatology Review, https://thedermreview.com/ethylhexylglycerin/ (last accessed May 21, 2025).

[10] de Groot AC. *Fragrance contact allergy: a clinical review*. Contact Dermatitis. 2003 Nov;49(5):232–240, https://pubmed.ncbi.nlm.nih.gov/14572300/.

[11] Uter W, et al. *Fragrances: Contact Allergy and Other Adverse Effects*. Dermatitis. https://www.contactderm.org/UserFiles/file/Fragrances__Contact_Allergy_and_Other_Adverse. 3-1.pdf.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

(f) **Mandelic Acid**: An alpha hydroxy acid used for exfoliation and odor control. While marketed for sensitive skin, mandelic acid can cause mild to moderate irritation, redness, and peeling—especially when used on compromised or broken skin. Peer-reviewed literature has documented allergic reactions and adverse events in topical use.[12]

62. These ingredients, individually and in combination, present a risk of skin reactions, especially when applied to sensitive areas, as Defendants explicitly marketed their Products to be.

63. Defendants failed to disclose these risks, despite knowing or having reason to know that ordinary consumers, including Representative Plaintiff and Class Members, would reasonably rely on their representations regarding the Products' safety for sensitive skin.

**Defendants' Ongoing Concealment**

52. Defendants continued marketing the Product as "skin-safe" despite receiving consumer complaints regarding skin irritation, rashes, and allergic reactions.

53. Consumers had no way of independently detecting that the Product contained ingredients likely to cause dermatological harm, particularly given Defendants' repeated reassurances regarding safety.

54. Despite knowing that the formulation could cause adverse reactions, Defendants did not warn consumers, issue recalls or modify their labeling to reflect the risks.

55. As a result of Defendants' concealment, Representative Plaintiff and Class Members were unaware of the dangers associated with the Products at the time of acquisition and use.

**Class-Wide Harm and Damages**

68. As a direct and proximate result of Defendants' conduct, Representative Plaintiff and Class Members suffered personal injuries, including skin irritation, inflammation, and other dermatological reactions, as well as emotional distress.

[12] Aguirre A, et al. Allergic contact cheilitis from mandelic acid. *Contact Dermatitis*. 1994;31(2):133–134, https://pubmed.ncbi.nlm.nih.gov/7750270/.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

69. Representative Plaintiff and Class Members also incurred economic damages, including amounts paid for the Products, expenses associated with treating their injuries (such as over-the-counter creams or medical consultations), and lost time addressing the harm caused.

70. Representative Plaintiff and Class Members would not have purchased the Products, or would have paid less for them, had they known the truth about the ingredients and associated risks.

71. The injuries suffered by Representative Plaintiff and Class Members were reasonably foreseeable by Defendants given the known properties of the ingredients included in the Products and Defendants' marketing representations targeting sensitive body areas.

**FIRST CLAIM FOR RELIEF**
**Breach of Express Warranty**
**(On Behalf of the Nationwide Class)**

72. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

73. Defendants warranted through marketing, advertising, labeling, and promotional materials that the LUME deodorant products, including but not limited to the Mando Whole Body Deodorant, were "all natural," "safe for sensitive skin," "pH optimized," "clinically proven," and suitable for daily use on all external areas of the body.

74. These representations constituted affirmations of fact and express warranties that the Products were safe, of merchantable quality, and fit for their ordinary and intended use—particularly by individuals with sensitive skin.

75. Representative Plaintiff and Class Members relied on these express warranties in acquiring and applying the Products.

76. Contrary to Defendants' express warranties, the Products were not safe for sensitive skin and were instead formulated with ingredients known or reasonably known to cause dermatological irritation, allergic reactions, and other adverse skin effects.

77. As a direct and proximate result of Defendants' breach of express warranty, Representative Plaintiff and Class Members suffered personal injuries, emotional distress, and

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

economic damages, including the purchase price of the Products, costs for treatment, and loss of use.

78. Defendants knew or should have known at the time of sale that the Products contained ingredients posing a substantial risk of skin irritation yet failed to disclose this material information or revise their representations.

79. Representative Plaintiff, on behalf of the Class(es), now seeks appropriate remedy. Defendants failed to correct the breach by providing adequate warnings, refunds, reformulations or suitable alternatives.

80. As a result of Defendants' breach of express warranty, Representative Plaintiff and Class Members are entitled to recover actual, compensatory, and consequential damages in an amount to be determined at trial, as well as any other relief the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**(On Behalf of the Nationwide Class)**

81. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

82. Defendants are merchants with respect to goods of the kind at issue in this action, namely, personal care and deodorant products.

83. The Products purchased by Representative Plaintiff and members of the Nationwide Class, including LUME Mando Whole Body Deodorant, are goods subject to the implied warranty of merchantability.

84. Defendants, by selling the Products, impliedly warranted that they were of merchantable quality and fit for the ordinary purposes for which such goods are used — including safe application to the human body, particularly to sensitive areas, as expressly promoted by Defendants.

85. The Products were not merchantable at the time of sale because they contained ingredients that rendered them unsafe for use on sensitive skin, resulting in foreseeable adverse dermatological reactions and injuries.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

86. Defendants' failure to design, formulate, and market a product free from unreasonably irritating or harmful ingredients constituted a breach of the implied warranty of merchantability.

87. Any effort by Defendants to disclaim or limit the implied warranty of merchantability is unconscionable and unenforceable under the circumstances, given Defendants' superior knowledge of the risks associated with the Product's formulation and their failure to disclose those risks to consumers.

88. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Representative Plaintiff and the Nationwide Class suffered injuries, including personal harm, emotional distress, and economic damages, in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**Violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq*.)**
**(On Behalf of the Nationwide Class)**

89. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

90. Representative Plaintiff and members of the Nationwide Class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

91. Defendants are "suppliers" and "warrantors" within the meaning of 15 U.S.C. §§ 2301(4)–(5).

92. The LUME deodorant products, including the Mando Whole Body Deodorant, purchased by Representative Plaintiff and the Nationwide Class are "consumer products" as defined by 15 U.S.C. § 2301(1).

93. Under the Magnuson-Moss Warranty Act, Defendants were obligated to comply with both express and implied warranties made to consumers.

94. Defendants expressly warranted that the Products were "all natural," "safe for sensitive skin" and suitable for daily use on all areas of the body, and impliedly warranted that the Products were fit for their ordinary purpose of safe application to the human body.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

95. Defendants breached both their express and implied warranties by selling Products that were not safe for sensitive skin and contained ingredients likely to cause dermatological irritation and injury.

96. As a direct and proximate result of Defendants' breach of warranty, Representative Plaintiff and members of the Nationwide Class suffered physical injuries, emotional distress, and economic damages.

97. The amount in controversy for each Class Member's individual claim exceeds $25.00, as required under 15 U.S.C. § 2310(d)(3).

98. Representative Plaintiff provided Defendants with notice of the breach and resulting injuries, and Defendants have failed to cure the breach.

99. Representative Plaintiff and the Nationwide Class seek all remedies available under the Magnuson-Moss Warranty Act, including actual damages, consequential damages, costs, and attorneys' fees.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**FOURTH CLAIM FOR RELIEF**
**Strict Liability/Manufacturing and Design Defect and Failure to Warn**
**(On Behalf of the Nationwide Class)**

100. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

101. Defendants designed, manufactured, marketed, sold, and distributed the LUME Mando Whole Body Deodorant purchased and used by Plaintiff and Class Members.

102. The Product was defective in its design and manufacture because it contained ingredients that were unreasonably dangerous for ordinary and intended use, particularly when applied to sensitive areas of the body.

103. The Product was in a defective condition at the time it left Defendants' control and reached Plaintiff and Class Members without substantial change in condition.

104. Defendants knew or should have known that the ingredients used in the Product posed a foreseeable risk of dermatological injury, particularly to individuals with sensitive skin, yet failed to design a safer alternative or adequately warn consumers.

105. The Product was further defective due to inadequate warnings and instructions regarding the risks associated with its intended use.

106. Had Plaintiff and Class Members been adequately warned of the risks, they would not have purchased or applied the Product, or would have taken precautions to avoid injury.

107. Defendants also had a post-sale duty to warn consumers, including Plaintiff and Class Members, once they knew or should have known of the Product's risks, but failed to take appropriate corrective action.

108. As a direct and proximate result of Defendants' defective design, failure to warn, and unlawful conduct, Plaintiff and Class Members sustained personal injuries, emotional distress, and economic damages.

**FIFTH CLAIM FOR RELIEF**
**Negligence**
**(On Behalf of the Nationwide Class)**

109. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

110. At all relevant times, Defendants, as manufacturers and sellers of consumer personal care products, owed a duty of care to Plaintiff and Class Members to design, manufacture, label, market and distribute products that were safe for their intended use.

111. Defendants also owed a duty to provide adequate instructions and warnings regarding the potential risks associated with the ordinary use of the Product, including application to sensitive areas of the body.

112. Defendants breached their duties to Plaintiff and Class Members by negligently designing, formulating, manufacturing, labeling and marketing a Product that contained ingredients known or reasonably foreseeable to cause skin irritation and adverse reactions.

113. Defendants knew or should have known that the Product, as formulated, posed a risk of injury to consumers like Plaintiff and Class Members when used as intended. Ingredient databases such as INCIDecoder classify PPG-15 Stearyl Ether as petroleum-derived, moderately

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

comedogenic, and potentially irritating—especially when applied to sensitive skin.[13] Despite this, Defendants continued to include it in Products advertised as "all natural" and "skin-safe."

114. Defendants knew or reasonably should have known that mandelic acid has been associated with skin irritation, allergic responses, and exfoliative reactions when applied topically. Given the known dermatological effects documented in both clinical literature and cosmetic safety reviews, Defendants acted negligently in including mandelic acid in a product marketed as safe for sensitive skin without appropriate warning or consumer guidance.

115. As a direct and proximate result of Defendants' negligence, Plaintiff and Class Members suffered personal injuries, emotional distress, and economic damages, including but not limited to medical expenses, pain and suffering, lost time, and the cost of purchasing the defective Product.

## SIXTH CLAIM FOR RELIEF
## Negligent Failure to Warn
## (On Behalf of the Nationwide Class)

116. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

117. Defendants manufactured, designed, marketed, sold and distributed the Product used by Plaintiff and Class Members.

118. Defendants knew or reasonably should have known that the Product contained ingredients that posed a foreseeable risk of causing dermatological irritation and injury when used in an ordinary and intended manner.

119. Defendants knew or reasonably should have known that consumers like Plaintiff and Class Members would rely on the Product's labeling and marketing and would be unaware of the hidden risks associated with the Product's ingredients.

120. Despite this knowledge, Defendants failed to provide adequate warnings or instructions to consumers, including Plaintiff and Class Members, regarding the risks of adverse skin reactions associated with the use of the Product on sensitive areas of the body.

---

[13] *Mandelic Acid: Benefits, Uses, Side Effects*, Netmeds, https://www.netmeds.com/health-library/post/mandelic-acid-benefits-uses-side-effects-of-this-wonder-ingredient-in-your-skincare-routine (last accessed May 21, 2025).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

121. A reasonable manufacturer and seller under the same or similar circumstances would have provided warnings sufficient to inform consumers of the risks and to allow them to make informed purchasing and usage decisions.

122. Defendants' negligent failure to warn was a substantial factor in causing injuries and resulting damages to Plaintiff and Class Members.

123. As a direct and proximate result of Defendants' negligent failure to warn, Plaintiff and Class Members suffered personal injuries, emotional distress, and economic damages, in an amount to be determined at trial.

**SEVENTH CLAIM FOR RELIEF**
**Violation of the Song-Beverly Consumer Warranty Act**
**(Cal. Civ. Code §1792, *et seq.*)**
**(On Behalf of the California Subclass)**

124. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

125. Defendants violated the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") by, among other things, breaching the implied warranty of merchantability by knowingly selling Products that were not suitable for their expected and intended use and that were not fit for the ordinary purposes for which such goods are used.

126. Plaintiff and California Subclass Members are "buyers" as that term is defined and used under the Song-Beverly Act.

127. Defendants are "manufacturers" and "distributors" of consumer goods within the meaning of the Song-Beverly Act.

128. Each unit of the Product was accompanied by an implied warranty that it was merchantable and fit for the ordinary purposes for which such products are used, pursuant to California Civil Code § 1792.

129. Defendants knew or should have known at the time of sale that the Product was formulated with ingredients likely to cause dermatological irritation, rendering it unfit for its advertised and intended use as "all natural" and "safe for sensitive skin."

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

130. The Product was not of the same quality as those generally acceptable in the trade, nor was it adequately labeled to warn of its risks.

131. The Product failed to conform to the promises and affirmations made by Defendants, including claims that it was safe for sensitive areas and suitable for daily use without causing harm.

132. Defendants' conduct was a substantial factor in causing, and did proximately cause, Plaintiff's injuries and resulting economic losses.

133. As a result of Defendants' violations of the Song-Beverly Act, Plaintiff and California Subclass Members suffered harm and economic loss, and is entitled to recover damages, including incidental and consequential damages, under California Civil Code § 1794 and Commercial Code §§ 2714–2715.

134. Defendants' conduct was willful, malicious, and carried out with conscious disregard for the rights and safety of Plaintiff and California Subclass Members, entitling them to all remedies available under the Song-Beverly Act, including recovery of attorneys' fees and costs.

135. Plaintiff and California Subclass Members are entitled to recover as part of the judgment all costs, expenses, and actual attorneys' fees reasonably incurred in connection with the prosecution of this action, along with prejudgment interest pursuant to California Civil Code § 3287.

## EIGHTH CLAIM FOR RELIEF
## Violation of the California Unfair Competition Law
## (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)
## (On Behalf of the California Subclass)

136. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

137. Defendants are each a "person" as defined by California Business and Professions Code § 17201.

138. Plaintiff, on behalf of the California Subclass, brings this claim for relief based on Defendants' unlawful, unfair and fraudulent business acts and practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

139. The UCL prohibits acts of "unfair competition," including unlawful, unfair and fraudulent business acts and practices and deceptive or misleading advertising.

140. Defendants' marketing and metadata practices falsely promote LUME as an "all natural" deodorant product. This deceptive advertising constitutes a fraudulent business practice under California Business and Professions Code §§ 17200, *et seq*., because it is likely to deceive consumers acting reasonably under the circumstances, including those seeking safe, natural hygiene alternatives.

141. Defendants engaged in unlawful business acts by violating the California Consumer Legal Remedies Act, the Song-Beverly Consumer Warranty Act and through breaches of express and implied warranties.

142. Defendants engaged in fraudulent and deceptive business practices by marketing and labeling the LUME Mando Whole Body Deodorant as "safe for sensitive skin," while concealing material facts about the risks of skin irritation and adverse reactions associated with its ingredients.

143. Defendants had a duty to disclose material facts regarding the risks associated with the Product, and their failure to do so constituted a fraudulent omission actionable under the UCL.

144. Defendants also engaged in unfair business practices. The harm caused to Plaintiff and California Subclass Members by Defendants' omissions and misrepresentations was substantial, was not outweighed by any countervailing benefit to consumers or competition and was of a nature that consumers could not reasonably have avoided.

145. Plaintiff and California Subclass Members reasonably relied on Defendants' omissions and marketing in deciding to purchase and use the Product and would not have purchased it had the material facts been disclosed.

146. As a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices, Plaintiff and California Subclass Members suffered injury-in-fact and lost money.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**NINTH CLAIM FOR RELIEF**
**Attorneys' Fees Pursuant to**
**California Code of Civil Procedure §1021.5**
**(On Behalf of the California Subclass)**

147. Each and every allegation of the preceding paragraphs is incorporated in this claim for relief with the same force and effect as though fully set forth herein.

148. Plaintiff, on behalf of himself and the California Subclass, seeks an award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5. That statute permits an award of attorneys' fees to a successful party in an action that results in the enforcement of an important right affecting the public interest, where a significant benefit has been conferred on the general public or a large class of persons, and where the necessity and financial burden of private enforcement make the award appropriate.

149. Plaintiff has expended and will continue to expend considerable costs in this action in order to recover for the harm caused by Defendants' unlawful, unfair, and deceptive business practices, including violations of California Business & Professions Code § 17200, *et seq*. These practices include the marketing, labeling and sale of deodorant products in a manner likely to mislead reasonable consumers regarding the safety, efficacy and composition of those products.

150. Defendants' knowing failure to adopt and adhere to fair and transparent marketing standards, practices that are binding upon and burdensome to their honest competitors, has resulted in an unfair competitive advantage. Defendants have engaged in business practices that violate California's Unfair Competition Law, Business & Professions Code § 17200, *et seq*., by profiting from the misleading of consumers and deceiving the public.

151. Defendants' disregard for consumer health and safety is evidenced by their failure to disclose material risks associated with their products, their use of deceptive marketing language and their targeting of health-conscious and sensitive consumers without adequate substantiation. These practices constitute unlawful, unfair, and fraudulent business conduct within the meaning of California Business & Professions Code § 17200, *et seq*.

152. Defendants' ongoing policy of prioritizing profit over transparency and public safety reflects a calculated business decision to accept a degree of consumer harm as incidental to

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

their operations, rather than bear the costs associated with honest labeling and fair competition. Defendants' conduct has harmed Plaintiff, the California Subclass and the general public by eroding consumer trust and impairing marketplace integrity.

153. In light of the substantial benefit conferred upon the public by this action, the importance of enforcing statutory protections for California consumers, and the financial burden of private enforcement relative to the relief sought, Plaintiff respectfully seeks an award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of all similarly situated persons nationwide and in the California Subclass, respectfully requests that the Court enter judgment in his favor and against Defendants, and grant the following relief:

1. **Class Certification.** An order certifying this action as a class action pursuant to Rule 23(a), Rule 23(b)(1), Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, designating Plaintiff as Class Representative and appointing Plaintiff's counsel as Class Counsel;

2. **Declaratory and Injunctive Relief.** Pursuant to Rule 23(b)(2), a declaration that Defendants' acts and omissions violated federal and state law and an injunction requiring Defendants to:

a. Cease misrepresenting the safety of the Product in all marketing, labeling and public communications;

b. Disclose known risks associated with ingredients in the Product, including dermatological and allergic reactions when applied to sensitive skin;

c. Establish a corrective advertising and outreach program to notify prior purchasers of the risk;

d. Institute appropriate quality control measures to ensure truthful and non-deceptive marketing of similar products going forward;

3. **Monetary Damages.** Pursuant to Rule 23(b)(3), an award of damages for Plaintiff and the Nationwide Class and the California Subclass in an amount to be proven at trial, including but not limited to:

a. Actual, general, special and consequential damages;

b. Economic damages related to the purchase of the Product;

c. Personal injury and emotional distress damages arising from adverse dermatological reactions;

d. Punitive damages for Defendants' willful and conscious disregard of consumer safety, to the extent permitted by law;

4. **Equitable and Restitutionary Relief.** Full restitution and disgorgement of all revenues, profits and benefits unjustly retained by Defendants as a result of their unfair, deceptive and unlawful practices, including those in violation of the California Unfair Competition Law and the Song-Beverly Consumer Warranty Act;

5. **Interest.** Pre-judgment and post-judgment interest at the highest lawful rate from the date of injury until the date the judgment is paid;

6. **Attorneys' Fees and Costs.** An award of attorneys' fees, expert fees, costs, and litigation expenses under applicable statutes and equitable principles, including but not limited to California Civil Code § 1780(e), California Civil Code § 1794(d), Code of Civil Procedure § 1021.5 and 15 U.S.C. § 2310(d)(2), to the extent applicable;

7. **Further Relief.** Any and all other relief, whether legal or equitable, as the Court may deem just and proper under the circumstances.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**JURY DEMAND**

Representative Plaintiff, individually, and on behalf of the Nationwide Class and the California Subclass, hereby demands a trial by jury for all issues triable by jury.

Date: May 30, 2025

*/s/ Scott Edward Cole*
Scott Edward Cole
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Email: sec@colevannote.com

Attorneys for Plaintiff

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800







COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800







# EXHIBIT B